UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE NO. 3:12-cv-273-H

PAUL F. MIK, JR. AND
LEE ANN MIK, his wife                                                               PLAINTIFFS
202 Lee's Lane
Brandenburg, KY 40108

And

PALS ENTERPRISES LLC
585 Mubley Road
Ekron, KY 40117

Vs.

FEDERAL HOME LOAN MORTGAGE CORPORATION                                              DEFENDANT
d/b/a Freddie Mac
8200 Jones Branch Drive
McLean, VA 22102-3110
(703) 903-2000

## COMPLAINT

Comes Plaintiffs Paul F. Mik, Lee Ann Mik, and PALS Enterprises, LLC, by counsel, for their complaint against the Defendant, Federal Home Loan Mortgage Corporation, and state as follows:

1. Plaintiffs, Paul F. Mik, Jr. and Lee Ann Mik, herein after sometimes Mik, are residents of Meade County, Kentucky.

2. Plaintiff, PALS Enterprises, LLC, is a Kentucky Limited Liability Company owned and operated by Plaintiffs Paul F. Mik, Jr., and Lee Ann Mik.

3. The Defendant Federal Home Loan Mortgage Corporation (a.k.a. "Freddie Mac") is an entity founded by Congress in 1970 to provide liquidity, stability and affordability to the U.S. housing market, is administered and controlled by the U.S. government, and is located at 8200 Jones Branch Drive, McLean, VA 22102.

4. This Court has jurisdiction in this matter under 28 U.S.C §1332 due to the diversity of the parties.

5. This Court has jurisdiction in this matter under 28 U.S.C §1332 due to the amount in controversy exceeds $75,000.

6. This Court has jurisdiction in this matter under 28 U.S.C §1331 because this action arises under the laws and Constitution of the United States of America.

7. Venue is proper pursuant to 28 U.S.C §1391(b)(2), because a substantial part of the events giving rise to this claim occurred in, and the property, which is the subject of this action, is located in the Western District of Kentucky.

## FACTS

8. On or about October 15, 2010 the Plaintiff PALS Enterprises, LLC entered into a lease agreement with Wanda Meyer with an option to purchase a residence of which she was the owner located at 202 Lees Lane, Brandenburg, Meade County, Kentucky. Plaintiffs Paul F. Mik and Lee Ann Mik were living in the premises leased by Plaintiff PALS Enterprises, LLC.

9. Said lease was originally unrecorded, but on April 12, 2011 the lease was recorded and on/or about April 28, 2011 Plaintiffs gave notice by certified mail of the existence of the

lease to attorney, Derrick Stanton, who represented Citi Mortgage, Inc. during a foreclosure proceeding that had been commenced By Citi Mortgage, Inc. against Wanda Meyer in the Meade Circuit Courts; Case No. 11-CI-014, CITI MORTGAGE, INC v. WANDA J. MEYER

10. The Plaintiffs were never named as parties in the subject foreclosure action against Wanda Meyer, either by name or as "unknown tenant(s) or occupant(s)".

11. Plaintiffs' rent was due on the first day of each month, and they paid the rent to Wanda J. Mayer, under the terms of the lease agreement, that was due through the April 1st, 2011 due date; thereafter, the Plaintiffs, who were ready, willing, and able to pay the rent due received no notice as to whom or as to what entity the rent should be paid; their attempts to communicate with attorney Stanton were ignored; the Plaintiffs, therefore, did not know to whom the rent was to be paid.

12. On or about April 20, 2011 the subject property was sold during a Commissioner's Sale in the foreclosure proceedings and acquired by the Defendant. Plaintiffs Mik learned that they were to be forcibly evicted from the property on or about June 27, 2011.

13. CITI Mortgage Inc, the successful bidder at the Commissioner's Sale, assigned its bid to the Defendant, Federal Home Loan Mortgage Corporation.

14. In June 2011 prior counsel for the Plaintiffs contacted by telephone paralegal Joe Mai of Lerner Sampson & Rothferss, which represented Defendant, Federal Home Loan Mortgage Corporation, and advised him that the Plaintiffs Mik had a lease with an option to purchase the subject property and that they desired to stay in the home; Plaintiffs were led to believe that paralegal Joe Mai was a lawyer.

15. Paralegal Mai advised counsel for the Plaintiffs that the only way the Plaintiffs could stop the eviction and stay in their home until July 25, 2011 would be if the Plaintiffs Mik accepted a Relocation Assistance Agreement known as Cash for Keys, whereby they would be paid $1500.00 to vacate the premises on the subject property; Plaintiffs Mik signed the agreement, which was faxed to paralegal Mai, but were never paid the $1500.00 and did not vacate the premises.

16. Plaintiffs Mik were told that as a precondition to payment and as part of the relocation process, they would need to contact Defendant's agent, Sherry Bennett Webb, to arrange for a date that the property could be inspected to determine if it was broom clean and free of all personal property.

17. During the telephone conversation between the prior attorney for the Plaintiffs Mik and the paralegal Mai, who represented the Defendant, paralegal Mai was advised that the Plaintiffs had a written lease, which gave them full rights to stay in their home; during that telephone conversation a purchase price for the home was verbally reported so that the Plaintiffs Mik could begin the process of obtaining a loan to purchase the home from the Defendant.

18. On or about July 2011, Plaintiff Paul Mik informed Defendant's Agent, Sherry Bennett Webb, that he had a lease with an option to purchase the home.

19. On June 15, 2011, the Defendant Federal Home Loan Mortgage Corporation obtained a writ of possession in the foreclosure case reflecting that Wanda Meyer was to be evicted from the premises; the writ did not reflect the name of Plaintiff PALS Enterprises, LLC, nor the names of the Plaintiffs Mik, who actually occupied the premises at the time, nor did it describe "unknown tenant(s) or occupant(s)".

20. On or about Wednesday, July 27th, 2011, Plaintiffs Mik were informed verbally that the property could be purchased for $190,000.00 and that an eviction could be stopped, if the Plaintiffs could prove that they were qualified for a loan by Friday, July 29th, 2011, at 5:00 p.m.

21. On or about Thursday, July, 28th, 2011, the officers from the Meade County Sheriff's Department arrived at the home of the Plaintiffs Mik at 7:30 a.m. as Lee Ann Mik, a principal at West Point Independent School, was preparing to leave for work.

22. Plaintiff Lee Ann Mik was shown a copy of the Writ of Possession on which was only the name of Wanda Meyer; and Plaintiff Lee Ann Mik explained that Wanda Meyer did not live at the premises, which was occupied by herself and her husband and her family; the deputy sheriff explained that he was going to return Monday to lock the Plaintiffs Mik out of their home.

23. Plaintiff Lee Ann Mik explained to the deputy sheriff that she and her family had never been served with any legal documents concerning the eviction.

24. Plaintiff Paul Mik then contacted attorney Alec Stone, who telephoned paralegal Mai regarding the situation, and was told that they would be evicted unless they could demonstrate that by Friday at 5:00 p.m. that they were approved for a $190,000 loan to purchase the home.

25. Mai refused to put the amount purchase price in writing.

26. Plaintiffs Mik made a loan application at the First State Bank in Irvington, KY and Donnie Butler of that bank sent a fax to paralegal Mai that the application had been made, but it would take approximately two weeks to obtain an appraisal of the premises.

27. On or about Sunday, July 31, 2011, Defendant's agent, Sherry Bennett-Webb, notified Plaintiff, Paul Mik, that the eviction would occur on Monday, August 1, 2011 and Plaintiff, Paul Mik, reiterated that he had a lease for the premises and that he had never been served with any court documents.

28. On Monday, August 8, 2011 Plaintiff, Paul Mik, posted a copy of the subject lease on the door of his home and wrote a note stating, "We are asserting our rights under this lease and object to entry by anyone."

29. On Monday, August 8, 2011 the Meade County Sheriff or his deputy came to the house of the Plaintiffs Mik and commenced the set out process at approximately 11:00 a.m., which was completed at approximately 1:00 p.m., during which the furniture and personal property were set outside in the yard in the rain where it was damaged; the value of the personal property, which was damaged or destroyed, was in excess of $38,000.

30. Plaintiffs Mik were wrongfully evicted when Defendants failed to follow due process prior to evicting the Plaintiffs Mik from their home.

31. Defendants disregarded the provisions of the Protecting Tenants at Foreclosure Act of 2009, 12 USC 5220, sec 702 which provides as follows:

> **SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.**
> (a) IN GENERAL. — In the case of any foreclosure on a federally related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to —
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
> (2) the rights of any bona fide tenant as of the date of such notice of foreclosure —

       (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or

       (B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1),

except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

  (b) BONA FIDE LEASE OR TENANCY, – For purposes of this section, a lease or tenancy shall be considered bona fide only if—

    (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

    (2) the lease or tenancy was the result of an arms-length transaction; and

    (3) the lease or tenancy required the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

  (c) DEFINITION. – For purposes of this section, the term "federally-related mortgage loan" has the same meaning as in section 3 o the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2602)

32. The Plaintiffs relied on the provisions of the Protecting Tenants at Foreclosure Act of 2009 to be able to continue to reside in their home until they were given the notice to vacate required in the statute and until the expiration of the remaining term of the lease as prescribed in the statute, during which time the Plaintiffs anticipated that their loan application would be approved and they would be able to purchase the subject property from the Defendant.

33. On or about November 10th, 2011, the Plaintiffs in fact did obtain the loan for which they had applied and ultimately purchased the subject property from the Defendant for the sum of $129,900, which price was considerably less than the $190,000 price, which had been represented to them as the amount which was needed to halt the eviction.

34. No pleadings to have the Plaintiffs evicted from their home were ever filed in any court in Meade County, Kentucky.

35. The Defendant's actions to evict and set the Plaintiffs out of their home without proceeding through the courts to obtain a Forcible Detainer and name the Plaintiffs as parties was a denial of due process and the eviction was wrongful, interfered with Plaintiffs' right of quiet enjoyment in their home, and demonstrated malice or willful wanton misconduct on the part of the Defendant for which Plaintiffs are entitled to recover compensatory and punitive damages.

36. As a result of the wrongful eviction of the Plaintiffs, Paul Mik has suffered mental anguish and Lee Ann Mik has experienced severe emotional pain and suffering for which she has been provided medical treatment.

37. The willful actions of the Defendant without regard to the rights of the Plaintiffs were outrageous and inflicted severe emotional distress upon the Plaintiffs, all for which they are entitled to recover compensatory and punitive damages.

38. WHEREFORE, Plaintiffs demand:

   1. That they recover from the Defendant, Federal Home Loan Mortgage Corporation, compensatory damages in the amount of $500,000 and punitive damages in the amount of $1,000,000;

2. A trial by jury on all issues so triable;

3. All costs and attorney fees pursuant to 28 USC §2412;

4. Any further relief which the court may deem appropriate.

Alan W. Roles
Theodore J. Palmer
Coleman, Roles & Associates, PLLC
Attorneys for Plaintiffs
1009 South Fourth Street
Louisville, KY 40203
(502) 584-8583