UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:12-CV-00273

PAUL F. MIK, JR., ET AL.                                                                                         PLAINTIFFS

Vs.

FEDERAL HOME LOAN MORTGAGE CORPORATION                                      DEFENDANT

---

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS
_____

Comes Plaintiffs Paul F. Mik, Lee Ann Mik, and PALS Enterprises, LLC, by counsel, and objects to the Defendant's Motion to Dismiss, on the following grounds:

I. STANDARD OF REVIEW

Plaintiff acknowledges the standards set forth by Defendants for a Motion to Dismiss based upon FRCP 12(b)(6). Where Plaintiffs diverge from the contention of the Defendant is the issue of whether the Complaint states any claim(s) for which relief could be granted. The Plaintiffs contend that they have asserted sufficient facts in their Complaint to state claims for denial of due process, wrongful eviction, and outrageous conduct on the part of the Defendant.

II. ARGUMENT

Defendant incorrectly asserts that Plaintiff's Complaint is solely an action under the Protecting Tenants in Foreclosure Act (PTFA). A more accurate reading of the Complaint shows that the Plaintiffs charge the Defendant with outrageous conduct and denial of due process in effecting a wrongful eviction of the Plaintiffs from the property located at 202 Lee's Lane in Brandenburg, Kentucky.

Defendant became the landlord of Plaintiffs when they were assigned the bid of Citi Mortgage, Inc, and took title of the property located at 202 Lee's Lane, which was sold at a Commissioner's Sale on or about April 20th, 2011, and which was subject to a recorded lease. Kentucky has recognized that a sale of property subject to a lease means that the buyer becomes the landlord. *See* Francis Co. v. Lincoln Federal Building & Loan Ass'n, Ky., 445 S.W.2d 153 (1969). Plaintiff PALS Enterprises LLC was a tenant of the property at issue beginning in October of 2010, the property owner at that time being one Wanda Meyer. The lease evidencing Plaintiff's tenancy at 202 Lee's Lane was subsequently recorded on April 12, 2011. Following the Commissioner's Sale, Plaintiff's tenancy was transferred from Wanda Meyer to the Defendant.

While Plaintiff acknowledges that, under Kentucky law, a writ of possession is an allowable alternative to a forcible detainer action after a foreclosure sale, this is precisely the harm that the Protecting Homeowners in Foreclosure Act is intended to remedy. The PTFA provides a Federal procedure for the effect of a foreclosure on an existing tenancy. The PTFA pre-empts Kentucky law that would otherwise allow a buyer of foreclosed property to choose the option of a Writ of Possession, as opposed to initiating a Forcible Detainer action, in order to circumvent the very protection the PTFA is intended to provide. Due process requires that a

tenant be given notice by a court of an action that threatens to deprive her of a property interest. The PTFA provides further as follows:

> **SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.**
> (a) IN GENERAL. – In the case of any foreclosure on a federally related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to –
>> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>> (2) the rights of any bona fide tenant as of the date of such notice of foreclosure –
>>> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>>> (B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>
> except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.
> (b) BONA FIDE LEASE OR TENANCY, – For purposes of this section, a lease or tenancy shall be considered bona fide only if—
>> (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;
>> (2) the lease or tenancy was the result of an arms-length transaction; and
>> (3) the lease or tenancy required the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.
>
> (c) DEFINITION. – For purposes of this section, the term "federally-related mortgage loan" has the same meaning as in section 3 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2602)

Defendant was aware that the foreclosed property at issue was subject to a recorded lease. Defendant had knowledge that the Plaintiffs were residing in the property as tenants under that lease. Defendants were aware that the Plaintiffs were not Wanda Meyer, and as such were not named in any way in the foreclosure suit. Defendant had knowledge of the provisions of the PTFA that were intended to protect tenants in the position in which Plaintiffs found themselves. Defendant's knowledge of the PTFA applicability to the Plaintiff's case coupled with its simultaneous willful disregard of it during the course of events outlined in Plaintiff's Complaint demonstrates intentional outrageous conduct on the part of the Defendant.

Plaintiffs do not assert a cause of action under the PTFA. Rather, they assert that the Defendant's willful discount of a Federal Statute evidences misconduct. Furthermore, at no time were Plaintiff's ever given proper legal notice of action against them. No ejection or eviction proceedings had been instituted against the Plaintiffs. In fact, at no time were Plaintiffs ever named in any capacity in any legal proceeding in Meade County, Kentucky, even after Defendant was made aware of Plaintiffs' property interests. The Plaintiffs' right to due process was ignored.

"The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914). Personal service has traditionally been seen as necessary in actions against a person, since it ensures actual notice of a pending legal action. See McDonald v. Mabee, 243 U.S. 90, 92 (1917). Furthermore, "in the specific context of eviction, the Fourteenth Amendment has particular import." Revis v. Meldrum, 489 F.3d 273, 281 (6th Cir. 2007). Additionally, failing to afford a tenant adequate notice of adverse proceedings before issuing final orders of eviction constitutes a deprivation of property without

4

the due process of law afforded by the Fourteenth Amendment. <u>Greene v. Lindsey</u>, 456 U.S. 444 (1982).

As tenants living in the property at issue, Plaintiffs had a possessory interest in that property. It was their home, and the seizure of that home and the property therein, without due process of law, is unreasonable and constitutes a Fourth Amendment violation. "Right of the people to be secure in their persons, houses, paper and effects, against unreasonable searches and seizures shall not be violated." US Cont. amend. IV. A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." <u>United States v. Jacobsen</u>, 466 U.S. 109, 113 (1984). And in the context of an unlawful eviction, a seizure of a domicile can be held as a 4th Amendment violation. *See* <u>Soldal v. Cook County</u>, 506 U.S. 56 (1992).

Plaintiffs were interested parties known to the Defendant. Regardless, Plaintiffs were never served with notice that their property interests were in jeopardy. Not only were Plaintiffs plainly denied the due process afforded to them by law, placing their property interests in jeopardy, their property fell victim to an unreasonable seizure as a result of the due process violation. As a result, Plaintiffs suffered damaged and destroyed property without the due process of law guaranteed by Fourteenth Amendment.

Defendant's actions, taken as a whole, were outrageous and intolerable. Kentucky courts first recognized the tort of outrage in <u>Craft v. Rice</u>, Ky., 671 S.W.2d 247 (1984), where the Kentucky Supreme Court adopted the provision from Section 46 of the Restatement (Second) of Torts that states: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." The facts in the instant

5

case demonstrate "that defendant's conduct was intentional or reckless, that the conduct was so outrageous and intolerable as to offend generally accepted standards of morality and decency, that a causal connection exists between the conduct complained of and the distress suffered, and that the resulting emotional stress was severe. " Banks v. Fritsch, 39 S.W.3d 474, 480-481 (Ky. Ct. App. 2001).

With the facts taken at face value and in light most favorable to the Plaintiffs, a reasonable person could conclude that the actions of the defendant were intentional and/or reckless. The culmination of conduct of the Defendant, from ignoring the Plaintiffs' recorded lease of the property located at 202 Lee's Lane, to the wrongful set-out and damage to Plaintiffs' property, demonstrated conduct that was, at the very least, reckless and so outrageous as to offend morality and decency. As a result, Plaintiffs have suffered damages for destroyed property, mental anguish and severe emotional pain and suffering.

ACCORDINGLY, the Plaintiffs respectfully request that the Defendant's Motion to Dismiss be DENIED.

Respectfully submitted:

  /s/ Theodore J Palmer
Alan W. Roles
Theodore J. Palmer
Coleman, Roles & Associates, PLLC
Attorneys for Plaintiffs
1009 South Fourth Street
Louisville, KY 40203
(502) 584-8583

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically filed via the Court's ECF System on this 13th day of July, 2012, to the following:

Amanda V. Green, Esq.
Richard M. Nielson, Esq.
M. Elizabeth Hils, Esq.
Nielson & Sherry PSC
639 Washington Avenue
Newport, KY 41070-1971

*Counsel for the Defendant*

                /s/ Theodore J Palmer
                Alan W. Roles
                Theodore J. Palmer
                Coleman, Roles & Associates, PLLC
                1009 South Fourth Street
                Louisville, KY 40203
                (502) 584-8583
                *Counsel for the Plaintiffs*