**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 12-CV-00273-JGH**

PAUL F. MIK, JR., et al.

PLAINTIFFS

V.

FEDERAL HOME LOAN
MORTGAGE CORPORATION DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, who occupied property located at 202 Lees Lane, Brandenburg, Kentucky (the "Property"), pursuant to a lease with an option to purchase, have filed this action under the Protecting Tenants at Foreclosure Act (the "Act"), Pub. L. 111-22, Div. A. Title VII § 702, 123 Stat. 1632 (2009) (codified at 12 U.S.C. § 5220), against the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Freddie Mac has moved to dismiss on the grounds that the Act contains neither an express or implied private right of action. For the reasons that follow, the Court agrees and will grant the motion.

**I.**

The relevant facts are that Plaintiffs actually occupied the Property pursuant to a lease with an option to purchase. The former owner defaulted on the underlying mortgage loan, and the lender, Citi Mortgage, Inc., initiated foreclosure proceedings in Meade Circuit Court. The foreclosure proceedings went forward and Citi Mortgage purchased the Property at the foreclosure sale and assigned it to Freddie Mac. Plaintiffs were aware of the proceedings, but were never a party to them and never sought to intervene.

What happened next is somewhat confusing. Citi Mortgage had been successful in obtaining a writ of possession to place Freddie Mac in full possession of the Property. Plaintiffs allege that they were locked out of the Property. The Court assumes that Plaintiffs were temporarily displaced from their lease. At about the same time, Plaintiffs were in negotiations with Freddie Mac to purchase the Property. These negotiations were ultimately successful and Plaintiffs regained possession of the Property.

Plaintiffs say that their Complaint is not solely under the Act, but also contains state claims of outrageous conduct and denial of due process in their wrongful eviction from their lease on the Property. During the state court proceedings, of which they were aware, Plaintiffs had an opportunity to raise these issues as well as the protections afforded under the Act, and chose not to do so.

**II.**

The Act requires that any person who acquires a foreclosed property must provide certain protections to any tenants under a "bona fide lease." However, Freddie Mac has demonstrated that the Act does not contain an express provision for either personal injunctive relief, damages or attorneys fees. The cases cited by Freddie Mac show that the Act's provisions may be raised as defensive measures in a state foreclosure action, but not as a basis to recover damages in federal court. *See Snyder v. Fed. Home Loan Mortg. Corp.*, No. C11-006213, 2011 WL 5121149, at *1 (N.D. Cal. Oct. 28, 2011); *Grayham v. Fannie Mae Corp.*, No. 11-6194-HO, 2012 WL 89838, at *2 (D. Or. Jan. 9, 2012). This Court agrees with these and other cases that have reached the same conclusion.

Freddie Mac has also cited overwhelming authority for the view that the Act can not be

construed to approve of an implied cause of action. Plaintiffs do not make a strong argument to the contrary. This Court agrees with the rationale contained in *Nativi v. Deutsche Bank Nat'l Trust Co.*, No. 09–6-96-PVT, 2010 WL 2179885, at *2 (N.D. Cal. May 26, 2010), which analyzed the standards in *Cort v. Ash*, 422 U.S. 66, 78 (1975), and found that the Act does not implicitly authorize a federal cause of action.

The only question remaining is whether Plaintiffs either have asserted or may assert any of their purported state causes of action. More to the point here, a reading of the Complaint makes it clear that Plaintiffs have asserted only causes of actions under the Act and not under state law. Moreover, the general rule under Kentucky law is that the rights of a tenant, such as Plaintiffs, are extinguished through a foreclosure sale. *See* KRS § 426.574; *Cumberland Lumber Co. v. First & Farmers Bank of Somerset, Inc.*, 838 S.W.2d 403, 405 (Ky. Ct. App. 1992). As a consequence of this principle, a tenant must raise a defense of due process or unfair conduct during the foreclosure proceedings. Plaintiffs chose not to contest any of these defenses during foreclosure. Regardless, Plaintiffs argue that Freddie Mac's conduct displacing them from their lease was "outrageous and intolerable." Whatever the circumstances, the question here is whether Plaintiffs can pursue an individual cause of action under the Act. The answer to that question seems quite clearly to be "no."

Being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is SUSTAINED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

This is a final order.

Date: August 7, 2012

John G. Heyburn II, Judge
United States District Court

cc: Counsel of Record

August 8, 2012